IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GLORIA WILLIAMSON, Individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION FILE ) NO.: _____ |
| AMERICAN PETRO INVESTMENTS LLC and DHIRAJ DUTT, | ) ) ) ) |
| Defendants. | ) JURY TRIAL REQUESTED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Gloria Williamson, individually and on behalf of others similarly situated, and files this lawsuit against Defendants American Petro Investments LLC and Dhiraj Dutt (hereinafter collectively "Defendants"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated overtime wages to Plaintiff in

1

violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant American Petro Investments LLC is a Georgia corporation.

5.

The unlawful employment practices alleged in this Complaint were committed within this District at Plaintiff's work locations: 5715 Atlanta Highway, Alpharetta, GA 30004 and 155 Howell Bridge Road, Ball Ground, GA 30107.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## III. Parties

*Plaintiffs*

6.

Plaintiff was a resident of the State of Georgia during the relevant time period.

7.

Plaintiff was employed as both a cook and a cashier by Defendants during the three years prior to the filing of this lawsuit.

8.

Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b).  Plaintiff's signed consent form is filed with this Court contemporaneously with this Complaint.  Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

### *Proposed Collective Definition*

9.

"Plaintiff and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked for Defendants as cooks or cashiers who have worked unpaid hours and/or unpaid overtime hours within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

### *Defendants*

10.

Defendant American Petro Investments LLC may be served with process by delivering a copy of the summons and complaint to its registered agent, Dhiraj Dutt, 5715 Atlanta Hwy, Alpharetta, GA, 30004.

11.

Defendant Dhiraj Dutt may be served with process by delivering a copy of the summons and complaint to his office address at 5715 Atlanta Hwy, Alpharetta, GA, 30004.

## IV. Factual Allegations

12.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

13.

Plaintiff performed non-exempt labor for the Defendants within the last three years.

14.

Defendants employed the named Plaintiff during the relevant time period.

15.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 when working more than forty (40) hours per week.

16.

Defendant American Petro Investments LLC is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

17.

Defendant Dhiraj Dutt is the CEO of American Petro Investments LLC

18.

Defendant Dutt had discretion over Plaintiff's working hours and overtime compensation.

19.

Defendant Dutt acts both directly and indirectly in the interest of American Petro Investments LLC and was in a supervisory position over Plaintiff.

20.

American Petro Investments LLC is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

21.

Defendant Dutt is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

22.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§

204, 206-207.

23.

Plaintiff was first hired by Defendants in April 2013, worked five 12-hour shifts per week and was $75 per shift, rising to $85 per shift from late 2013 until she left the company in May 2014.

24.

Plaintiff was paid her wages in cash and averaged 60 hours/week.

25.

Plaintiff was performing non-exempt labor for Defendants.

26.

Plaintiff was not paid any overtime wages during this time period.

27.

Plaintiff was hired again by Defendants in February 2015.

28.

Plaintiff generally worked 60 hours per week and paid $8 per hour for the first 40 hours per week she worked.  On two occasions, Plaintiff worked more than 70 hours per week.

29.

Plaintiff again performed non-exempt labor for Defendants.

30.

All of Plaintiff's overtime hours were paid in cash at $8 per hour.

31.

Plaintiff was not paid any overtime differential by Defendants between February 2015 and August 2015.

32.

In August 2015, Plaintiff's hours per week were cut from 70 to 35 for two weeks and then she was terminated.

33.

Plaintiff was threatened via email by Defendant Dutt alleging unsubstantiated theft charges and defamation claims in order to deter her from pursuing these claims against Defendants.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

36.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

37.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to

recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. **Prayer for Relief**

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully requests that this Court:

(A)  Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff and the FLSA Collective unpaid overtime wages pursuant to the FLSA § 7, 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)  Award Plaintiff and the FLSA Collective such further and additional relief as may be just and appropriate.

Respectfully submitted this 1st day of September, 2015.

**THE SHARMAN LAW FIRM LLC**

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff