IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GLORIA WILLIAMSON,<br>Individually and on behalf of others<br>similarly situated | ) ) ) | |
| | ) | **CIVIL ACTION FILE:** |
|     Plaintiff, | ) ) |   NO. 1:15-CV-03082-WSD |
| vs. | ) ) | |
| AMERICAN PETRO INVESTMENTS<br>LLC and DHIRAJ DUTT, | ) ) ) | |
|     Defendants. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Gloria Williamson and Toni Warren ("Plaintiffs") and American Petro Investments and Dhiraj Dutt ("Defendants"). The foregoing Plaintiff and Defendants are collectively referred to as "Parties."

### W I T N E S S E T H:

**WHEREAS,** Williamson  filed a lawsuit against Defendants in the United States District Court for the Northern District of Georgia, Civil Action number 1:15-cv-03082, alleging violations of the Fair Labor Standards Act ("the litigation"); and

**WHEREAS,** the litigation was file as a collective action; but Williamson has not moved for conditional class certification; and

1

**WHEREAS**, Toni Warren has executed an opt in form to join the litigation as a plaintiff; and

**WHEREAS**, Defendants have denied and continue to deny any liability for those claims and assert that there is no factual or legal basis for Plaintiffs' allegations of liability; and

**WHEREAS**, Defendants have supplied Plaintiffs with accurate records setting forth the work time and compensation paid to Williamson and Warren; and

**WHEREAS**, without any admission of liability by any of the Parties, the Parties, represented by counsel, entered into an oral settlement agreement on January 11, 2016, in which they set forth the terms of a general agreement between the Parties; and

**WHEREAS**, the Parties desire to set forth in this written Agreement their final settlement terms;

**NOW, THEREFORE**, in exchange for good and valuable consideration, including, but not limited to, the execution of this Agreement and the Parties' consent to the dismissal with prejudice of all charges and claims alleged in the litigation, the sufficiency and receipt of which are hereby acknowledged, the Parties agree as follows:

2

**1.0**   **Consideration.**

As consideration for the Plaintiffs' agreement to be bound by the terms of this Agreement, Defendants will cause to be paid to Plaintiffs and/or on their behalf Twenty Thousand Four Hundred Forty and 56/100 Dollars ($20,440.56) (the "Settlement Amount"). This Settlement Amount includes the payment of all of Plaintiff's attorney fees and costs. The Parties agree that the Settlement Amount shall be divided between the Plaintiffs and their counsel as follows: Five Thousand Three Hundred and Forty-Five and 00/100 Dollars ($5,345.00) to Paul Sharman in attorney's fees and costs; Two Thousand Six Hundred Twenty-Six and 64/100 Dollars ($2,626.64) to Plaintiff Toni Warren and Twelve Thousand Four Hundred Sixty-Eight and 92/100 Dollars ($12,468.92) to Plaintiff Gloria Williamson. Payment will be made in twelve monthly installments. The first payment shall be due the later of March 15, 2016 or ten (10) days after Court approval of this Agreement. The remaining payments shall be made before the last day of the succeeding eleven months. The Parties agree that the Settlement Amount shall not incur any additional interest.

**Form of Payment**

The first installment payments shall be in the following form: 1) One check for Five Hundred and 00/100 Dollars ($500.00) made payable to Toni Warren for back wages from which statutory withholdings and applicable taxes will be withheld and

for which Defendant will issue an IRS Form W-2 to Warren; 2) One check for Five Hundred and 00/100 Dollars ($500.00) made payable to Toni for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; 3) One check for Five Hundred and 00/100 Dollars ($500.00) made payable to Gloria Williamson for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 4) One check for Five Hundred and 00/100  Dollars ($500.00) made payable to Gloria Williamson for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; and 5) One check for One Thousand and 00/100 Dollars ($1,000.00 ) made payable to Paul Sharman, Attorney (who shall provide a current W-9) for attorneys and costs from which no withholding are to be made and for which Defendant shall issue an IRS form 1099-Misc as box "three" other income.

Installment payments 2 - 5 shall be in the following form: 1) One check for One Hundred Fifty and 00/100 Dollars ($150.00) made payable to Toni Warren for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 2) One check for One

4

Hundred Fifty and 00/100  Dollars ($150.00) made payable to Toni Warren for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; 3) One check for Four Hundred and 00/100 Dollars ($400.00) made payable to Gloria Williamson for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 4) One check for Four Hundred and 00/100 Dollars ($400.00) made payable to Gloria Williamson for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; and 5) One check for Five Hundred and 00/100 Dollars ($500.00) made payable to Paul Sharman, Attorney (who shall provide a current W-9) from which no withholding are to be made and for which Defendant shall issue an IRS form 1099-Misc as box "three" other income.

Installment payment 6 shall be in the following form: 1) One check for Two Hundred Thirteen and 32/100 Dollars ($213.32) made payable to Toni Warren for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 2) One check for Two Hundred Thirteen and 32/100 Dollars ($213.32) made payable to Toni Warren

5

for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; 3) One check for Four Hundred and 00/100 Dollars ($400.00) made payable to Gloria Williamson for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 4) One check for Four Hundred and 00/100 Dollars ($400.00) made payable to Gloria Williamson for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; and 5) One check for Five Hundred and 00/100 Dollars ($500.00) made payable to Paul Sharman, Attorney (who shall provide a current W-9) from which no withholding are to be made and for which Defendant shall issue an IRS form 1099-Misc as box "three" other income.

Installment payments 7-11 shall be in the following form: 1) One check for Six Hundred Fifty and 00/100 Dollars ($650.00) made payable to Gloria Williamson for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 2) One check for Six Hundred Fifty and 00/100 Dollars ($650.00) made payable to Gloria Williamson for liquidated damages from which no withholdings will be deducted and for which

Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; and 5) One check for Three Hundred and 00/100 Dollars ($300.00) made payable to Paul Sharman, Attorney (who shall provide a current W-9) from which no withholding are to be made and for which Defendant shall issue an IRS form 1099-Misc as box "three" other income.

Installment payment 12 shall be in the following form: 1) One check for Four Hundred Eighty Four and 92/100 Dollars ($484.92) made payable to Gloria Williamson for back wages from which statutory withholdings and applicable taxes will be withheld and for which Defendant will issue an IRS Form W-2 to Warren; 2) One check for Four Hundred Eighty Four and 92/100Dollars ($484.92) made payable to Gloria Williamson for liquidated damages from which no withholdings will be deducted and for which Defendant will issue an IRS Form 1099 to Employee for this non-wages portion of the payment categorizing this amount as "box 3" other income; and 5) One check for Three Hundred Forty-Five and 00/100 Dollars ($345.00) made payable to Paul Sharman, Attorney (who shall provide a current W-9) from which no withholding are to be made and for which Defendant shall issue an IRS form 1099-Misc as box "three" other income. If a payment is not made within ten (10) days of the day on which such payment is due The Sharman Law Firm, LLC shall promptly provide written notice as to such event via a fax sent to Kevin D.

7

Fitzpatrick, Jr., at DeLong Caldwell Bridgers Fitzpatrick and Benjamin, LLC at fax number (404) 371-3171.

**2.0      Release.**

Effective upon the Defendants' payment of all funds due under this agreement, the Plaintiffs, for and in consideration of the release by the Defendants, the Settlement Amount and other good and valuable consideration, the receipt of which is hereby acknowledged, does for themselves, their attorney, attorneys, agents, assigns, heirs, executors, administrators and successors, hereby remise, release, acquit, satisfy, and forever discharge the Defendants, together with their assigns, successors, affiliated parent or subsidiary corporations or companies, agents, officers, directors, members, shareholders, officers, parent corporations, subsidiaries, partners, estates, executors, administrators and successors, employees, present and former attorneys, legal representatives, divisions and insurers, and any other person or entity who has acted or purported to act on the Defendants' behalf (the foregoing being hereinafter referred to as the "Defendants' Released Parties"), of and from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, in law or in equity which they ever had, now have, or may have against the Defendants' Released Parties arising from or

relating to the Plaintiffs' placement, employment or contractual relationships with the Defendants, limited to the allegations contained in the litigation.

**3.0      Dismissal with Prejudice and Mutual Release by the Parties of All Claims.**

In connection with the execution of this Agreement, the Parties have agreed to the dismissal of the litigation with prejudice.  Upon Plaintiffs' counsel's receipt of the full Settlement Amount required by this Agreement, Plaintiffs shall within ten (10) days file a dismissal with prejudice of Plaintiffs' Federal Lawsuit.  The Parties request that the Court retain jurisdiction pending the payment of all installments required by this Settlement Agreement.

The Parties agree that they will not attempt (or authorize an attempt) to initiate, or re-initiate, the allegations contained in the above-referenced Federal Lawsuit, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed.

**4.0      No Loss of Consortium.**

The Plaintiffs hereby represent and warrant that, at all times pertinent, no person sustained any loss of consortium, or has any claim whatsoever for any injury or damage alleged to have been sustained by Plaintiffs arising from or relating to the Plaintiffs' placement, employment or contractual relationships with the Defendants, including but not limited to the allegations contained in the above-referenced Federal

9

Lawsuit; and Plaintiffs further agrees to indemnify, defend and hold harmless the Defendants hereunder from any action which may arise in connection therewith to include any attorneys' fees, expenses of any kind or court costs associated with any such action.

**5.0**      **Warranty.**

The Plaintiffs represent and warrant that each Plaintiff alone is entitled to assert any claim she may have against the Defendants of any kind or character arising out of, or as a consequence of, any employment or contractual relationship with the Defendants, including but not limited to, the matters which were alleged or could have been alleged in the Federal Lawsuit.  The Plaintiffs further represent and warrant that each is fully authorized to enter into this Agreement and that she has not transferred or assigned any right to any claim or recovery against the Defendants. The Plaintiffs agree to indemnify and hold Defendants harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against Defendants or by reason of any such transfer or assignment, as described in this paragraph, and further agrees to indemnify and hold Defendants harmless from any costs, expenses or damages sustained by reason of any such claim. The Defendants represent and warrant that they are fully authorized to enter into this Agreement and that they have not transferred or assigned any right to any claim or recovery against the Plaintiff.

**6.0**    **Non-Disparagement.**

The Plaintiffs shall not make, repeat or publish any false and/or disparaging remarks or references, whether oral or in writing, whether in traditional media, any electronic communication medium including, but not limited to emails, blogs, chat rooms, Facebook, Twitter and LinkedIn, or otherwise, concerning the Defendants or any of their representatives, or otherwise take any action which might reasonably be expected to cause damage or harm to the Defendants or any of their representatives. However, nothing in this Agreement prevents the Plaintiffs in any way from communicating with or fully cooperating in the investigations of any governmental agency on matters within their jurisdictions. However, this Agreement does prohibit the Plaintiff from recovering any relief, including without limitation monetary relief, as a result of such activities. In agreeing not to make disparaging statements regarding the Defendants, the Plaintiffs acknowledges that they are making, after the opportunity to confer with his counsel, a knowing, voluntary and intelligent waiver of any and all rights each may have to make disparaging comments about the Defendants including rights under the First Amendment to the United States Constitution and any other applicable federal and state constitutional rights. The Plaintiffs further agree and acknowledge that a court of competent jurisdiction may enter an injunction to prevent them from violating this paragraph and that such injunction would not constitute an unconstitutional or illegal prior restraint on their

11

constitutional rights and that they are waiving their legal rights to make such an argument.

The Defendants shall not make, repeat or publish any false and/or disparaging remarks or references, whether oral or in writing, whether in traditional media or any electronic communication medium including, but not limited to emails, blogs, chat rooms, Facebook, Twitter and LinkedIn, concerning the Plaintiffs, or otherwise take any action which might reasonably be expected to cause damage or harm to the Plaintiffs. However, nothing in this Agreement prevents the Defendants in any way from communicating with or fully cooperating in the investigations of any governmental agency on matters within their jurisdictions. In agreeing not to make disparaging statements regarding the Plaintiffs, the Defendants acknowledge that they are making, after the opportunity to confer with counsel, a knowing, voluntary and intelligent waiver of any and all rights they may have to make disparaging comments about the Plaintiffs including rights under the First Amendment to the United States Constitution and any other applicable federal and state constitutional rights. The Defendants further agree and acknowledge that a court of competent jurisdiction may enter an injunction to prevent them from violating this paragraph and that such injunction would not constitute an unconstitutional or illegal prior restraint on their constitutional rights and that Defendants are waiving their legal right to make such an argument.

The Parties agree that if Defendants receive a request for an evaluation or reference from an employer or a prospective employer of the Plaintiff, Defendants shall provide only the dates of Plaintiff's employment by Defendants and a description of the position or duties performed during the time of such employment by Defendants.

**7.0     Entire Agreement.**

This Agreement represents the entire agreement between the Parties as to the subject matter contained herein.  Neither this Agreement nor any provision thereof may be changed, waived, discharged or terminated orally, unless the Parties agree otherwise in writing by an instrument signed by the Parties.

**8.0     Compromise and Settlement.**

This settlement shall not be construed as an admission of liability or wrongdoing on the part of any Party. The undersigned Parties expressly acknowledge that this settlement is being made as a compromise and settlement of disputed claims; that execution of, and compliance with, this Agreement, including any consideration paid in furtherance of this Agreement is not, and shall not, be construed to be an admission by any of the Parties of any liability or obligation whatsoever, by whom liability is expressly denied.

**9.0     Drafting of this Document.**

This Agreement is entered into after full opportunity for negotiations by the Parties and their counsel. For purposes of construing this Agreement, all Parties shall be considered the drafters with an equal responsibility for drafting the document.

**10.0    Applicable Law.**

The Parties agree that this Agreement shall be construed pursuant to the laws of the State of Georgia, without reference to principles of conflicts of law of Georgia or any other jurisdiction and, where applicable, the laws of the United States. The Parties agree that the state courts of Georgia, or (in the case of diversity of citizenship) the United States District Court for the Northern District of Georgia, shall have jurisdiction of any action or proceeding arising under this Agreement unless the Parties agree otherwise in writing. The Parties hereby agree to, contract for and consent to the personal and subject matter jurisdiction of such courts in any such suit, action or proceeding and waive any objection which any Party may otherwise have to the laying of venue of any such suit, action or proceeding in the locations as specified herein.

**11.0    Survival.**

The non-disparagement obligations entered into under this Agreement shall survive the full payment and resolution of all matters pursuant to this Agreement.

**12.0    Partial Invalidity.**

14

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

**13.0     Counterparts.**

This Agreement may be signed and executed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one Agreement.  A facsimile or electronic copy of a signature shall be deemed to be an original.

**14.0     Authorization.**

By signing below, each of the undersigned, individually and/or in his corporate capacity, represents and warrants that he is duly authorized and empowered to execute this Agreement and to bind the respective Party that he represents, and that this Agreement and its execution have been duly authorized by all necessary actions whatsoever on the part of such Party to this Agreement.  The Plaintiff represents that he is executing this Agreement knowingly and voluntarily, and that he is legally competent to execute this Agreement.   The Plaintiff affirms that the only consideration for his agreement to execute, and his execution of the Agreement, are

the terms stated herein and that there are no other promises or agreements of any kind that have caused him to execute the Agreement; that he fully understands the meaning and intent of the Agreement, including but not limited to its final and binding effect; that he has had a reasonable period of time within which to consider the Agreement; and that he has had reasonable opportunity to receive legal counsel before executing this Agreement.

**IN WITNESS WHEREOF**, this Agreement is executed and entered into by the Parties effective as of the date of execution by the last Party to execute this Agreement.

**TONI WARREN**
February ___, 2016

**GLORIA WILLIAMSON**
February 11, 2016

**AMERICAN PETRO INVESTMENTS, INC.**

BY: _____
**DHIRAJ DUTT**
TITLE: CEO
February 9, 2016

_____
**DHIRAJ DUTT, individually**
February 9, 2016